# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Carter | Case No. 6:16-cv-01496 |
| Versus | Magistrate Judge Carol B Whitehurst |
| Youngsville II Housing LLLP et al | By Consent of the Parties |

## ORDER

Before the Court are the following Motions For Rehearing or, In the Alternative For New Trial or, In the Alternative For Reconsideration, filed by Page Properties & Construction, LLC ("Page") [Rec. Docs, 131, 132, 134] and United Fire and Casualty Company ("United Fire") [Rec. Docs. 125, 126, 127] all moving the Court to reconsider its rulings in this action [Rec. Docs. 122, 123, 124, 125], Youngsville II Housing, LLP ("Youngsville"), Morrow Realty Company, Inc. ("Morrow") and Ironshore Specialty Insurance Company's ("Ironshore") (collectively "Opponents") Opposition Memorandum [Rec. Doc. 139] and Bob Morrow Construction Company's ("BMCC") Memorandum in Opposition [Rec. Doc. 140]. For the reasons that follow, the Court will deny the Motions.

## *Background*

Page and United Fire move the Court to reconsider its rulings and judgments finding that the subcontracts in this case, negotiated and executed by Alabama

residents in Alabama, were governed by Alabama law. The Court applied Louisiana's conflict of laws principles in determining that the Alabama choice of law provision in the subcontracts applies in this case. As a result, the Court held that the indemnity provisions in the subcontracts provided that: (1) Youngsville is an additional insured under Page's insurance policy with United Fire; (2) United Fire owes Youngsville a defense; (3) in the event the trier of fact determines that Plaintiff's injury arose from Page's work, then Page owes Youngsville and Morrow defense and indemnity; and, (4) United Fire owes BMCC, as an insured, defense and indemnity. In the instant motions, Movants contend, as they did previously, that regardless of the conflict analysis, the Court should find that La. R.S. § 2780.1(D) expressly prohibits the indemnity provisions in the subcontracts at issue.

*Law and Analysis*

When a matter has not been litigated through a trial on the merits, a motion for new trial is not a proper procedural mechanism for a party to seek reconsideration. *Aucoin v. C.N.I. Girdler, Inc.*, 1995 WL 366485, at *1 (E.D. La. June 20, 1995) (Clement, J.). Instead, "when a party seeks reconsideration of an order granting the opposing party's motion for summary judgment, the proper vehicle for doing so is a Rule 59(e) motion to alter or amend the judgment." *U.S. v. McMahan*, 2008 WL 5377980, at *1 (S.D.Tex. Dec. 22, 2008) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997)); *Patin*

*v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir.1996) (holding that a motion for reconsideration styled as a motion for a new trial following a summary judgment was correctly analyzed as a Rule 59(e) motion to reconsider entry of summary judgment). As such, because no trial was ever conducted in this matter the Court will construe the instant motion as a Rule 59(e) motion, rather than a motion for a new trial.

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993). The Court must "strike the proper balance between two competing imperative: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir.2003). Manifest error is defined as error that is "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence .'" *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr.S.D.Tex.

Sept. 15, 2009)(quoting *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F.Supp.2d 698, 713 (N.D.Tex.,1998); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D .La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'"). To prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

Despite Movants' contentions that the Court erred regarding its holding that Alabama law applies in this case and therefore La.Rev.Stat. § 9:2780.1 has no application, the Court finds that Movants have failed to prove that its prior ruling on these claims was "manifestly erroneous," or that the presentation of new evidence is sufficient to amend the Court's prior judgment.

   A. *La.Rev.Stat. § 9:2780.1(D) Claim*

Movants reurge the Court to find that, because the subcontract was for construction work on immovables in Louisiana, La. R.S. § 9:2780.1(1)(D) supersedes the choice of law agreement in the subcontract. They argue that the

choice of law determination in this case is governed by Civil Code article 14, which provides that the court must perform a choice-of-law analysis "[u]nless otherwise expressly provided by the law of this state." *See* La.C.C. art 14. Because La. R.S. § 9:2780.1 (D) specifically provides that any provision for indemnification or defense from liability caused by the indemnitee's own negligence is "null, void and unenforceable," they argue that a choice-of-law analysis cannot be made. Movants cite *Champagne v. Ward*, 893 So.2d 773, 785-87 (La. 2005) in support of their argument that "La.R.S. § 9:2780.1 would prevail over the general choice-of-law provisions."[1]

Opponents contend that, Movants' incorrectly represent the substance of the Louisiana Supreme Court's opinion in *Champagne*. Rather, the *Champagne* court stated:

> [W]e conclude that the appropriate starting point in a multistate case such as the present one is to first determine that there is a difference between [Louisiana law and the law] of the foreign state, and then to conduct a choice-of-law analysis, as codified in Book IV of the Civil Code, to determine which state's law applies to the interpretation of the [contract]. **Thus, we affirm the choice-of-law methodology codified in La. C.C. arts. 3515 and 3537 and embraced by the first, second, and third circuit courts of appeal**. We reject the automatic application of [Louisiana law pursuant to La. C.C. art. 14] adopted by the fourth and fifth circuit courts of appeal.

---

[1] In *Champagne*, the court considered the issue of whether Louisiana UM law ***must*** be applied to the interpretation of a foreign insurance policy in a multistate case when the accident occurred in Louisiana and involved a Louisiana resident or whether courts should first engage in a choice-of-law analysis to determine which state's law applies.

*Id.* at 786. As stated by the Western District Court, under *Champagne*, "this Court's first task is to determine" which state's law applies to the interpretation of the contract. *James v. Lincoln General Ins. Co.*, 2011 WL 3625141, *4-5 (W.D.La. 2011) (J.Doherty).

The Court agrees with Opponents that Page and United Fire's argument that the preemptive application of La. C.C. art. 14 (that La. R.S. § 9:2780.1(D) ***must*** be applied) would deprive this Court, and any other court, of the ability to conduct an impartial interest-based analysis─something the *Champagne* court clearly and unconditionally disclaimed. *Id*. at 789. They cite the Court to 20 reported opinions in which Louisiana federal courts cite *Champagne* for its holding with regard to choice-of-law analysis. *See e.g. Rohr v. Allstate Ins. Co*., 2007 WL 3120131, at *2 (5th Cir. 2007); *Armelin v. Government Employees Insurance Company*, 2018 WL 2017585, at *5 (E.D.La., 2018); *Cohen v. Becker*, 2018 WL 782955, at *4 (E.D.La., 2018); *Mendoza v. Hicks*, 2016 WL 815505, at *3 (E.D.La., 2016); *LeBlanc v. Texas Brine Co., LLC*, 2015 WL 7451196, at *5 (E.D.La., 2015); *Premium Hospitality, L.L.C. v. Astra Capital Funding*, 2013 WL 3791495, at *9 (E.D.La.,2013); *American Home Assur. Co. v. Liberty Mut. Ins. Co*., 2008 WL 440303, at *2 (E.D.La., 2008).

As provided by the jurisprudence, *Champagne* requires a choice-of-law analysis pursuant to Book IV of the Louisiana Civil Code prior to the application of Louisiana statutes that operate to circumvent a weighing of the various interests

6

involved. Accordingly, this Court finds that its analysis was correct in both methodology and result.

   *B. Page's Citation to Precision Gear*

In its brief to the Court, Page states that "[e]ven under Alabama's conflict-of-laws principles, Louisiana law might still apply, rendering the anti-indemnity provision, via La. Rev. State. § 9:7880.1 [sic], invalid." *R. 131-1, p. 6*. Page goes on to state "[u]nder Alabama law, "***a claim for contribution or indemnity is governed by the law of the state where the underlying tort occurred***. Thus, under Alabama law, the indemnity claim at issue is governed by the state where the underlying tort occurred which in this case is Louisiana." *R. 131-1, p. 7*. In particular, Page cites the Alabama Supreme Court in *Precision Gear Company v. Continental Motors, Inc.*, 135 So.3d 953 (Ala. 2013) as holding, "[u]nder the principle of *lex loci delicti*, an Alabama court will determine the substantive right of an injured party 'according to the law of the state where the injury occurred.'" *Id.* (citing *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So.2d 819 (Ala.1991)).

*Precision Gear* involved tort actions for wrongful death and defective products. Therefore, Alabama law applied *lex loci delicti* as the indemnity claims involved "noncontractual indemnification." *Precision Gear*, 135 So.3d at 954. As the opinion expressly states, under Alabama law contractual indemnification is governed by the principal of *lex loci contractus* and not *lex loci delicti*. *Id*. at 956.

7

Indeed, the portion of the *Precision Gear* opinion cited by Page in its brief specifically states:

> In a conflict-of-laws situation, the principles that govern which state's substantive law applies to the case before us are well settled.
>
> **Alabama law follows the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti*.** *See Liberty Mut. Ins. Co. v. Wheelwright*, 851 So.2d 466 (Ala.2002). **Under the principles of *lex loci contractus*, a contract is governed by the law of the jurisdiction within which the contract is made.** *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502 (Ala.1991). Under the principle of *lex loci delicti*, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So.2d 819 (Ala.1991).

*Id.*

As to any confusion or lack of understanding on the part of Page as to whether the instant case involved a tort versus a contract, it is undisputed that various defendants explained to Page the lack of relevance of *Precision Gear* to the contractual claims in this case. *R. 139-1*. The Court finds that *Percision Gear* is inapposite to the instant case.

## *Conclusion*

Accordingly, as the Court finds there is no reasonable basis for seeking review of this Court's decisions,

**IT IS ORDERED** that Motions For Rehearing or, In the Alternative For New Trial or, In the Alternative For Reconsideration filed by Page

Properties & Construction, LLC [Rec. Docs, 131, 132, 134] and United Fire and Casualty Company [Rec. Docs. 125, 126, 127] are **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana this 30th day of July.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE