## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **Carter** | **Case No. 6:16-cv-01496** |
| **Versus** | **Magistrate Judge Carol B Whitehurst** |
| **Youngsville II Housing LLLP et al** | **By Consent of the Parties** |

### ORDER

Before the Court is a Motion To Designate Order Appealable filed by United Fire and Casualty Company ("United Fire") [Rec. Doc. 149]. United Fire moves the Court to certify its judgments of May 25, 2018, granting the Motions for Summary Judgment in favor of Youngsville II Housing, LLP, and Bob Morrow Construction Company, as well as the July 30, 2018 orders as to each judgment denying the Motion for Rehearing or in the Alternative for New Trial or in the Alternative for Reconsideration, for interlocutory appeal under the provisions of 28 U.S.C. §1292(b).

United Fire submits that the requirements of §l292(b) are satisfied in this case. First it contends, "there is substantial ground for a difference of opinion on the [] issues" involved. Second, "resolution of these issues by the court of appeal may help terminate this litigation," because "the parties were apparently close to a settlement agreement until the indemnity issues were raised."

> When a district judge, in making in a civil action an order not otherwise appealable under this [Section 1292], shall be of the opinion that [1] such order involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that an immediate appeal from the order [3] may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). "All three factors must be satisfied to warrant this exceptional 'departure from the basic policy of postponing appellate review until the entry of a final judgment.'" *Orpheum Prop., Inc. v. Coscina*, 2018 WL 2416685, at *3 (E.D. La. May 29, 2018) (Fallon, J.). "[T]he moving party bears the burden of demonstrating that interlocutory appeal is appropriate." *Id*. (citing *In re FEMA Formaldehyde Prods. Liab. Litig*., 2008 WL 4923035, at *2 (E.D. La. Nov. 13, 2009) (Engelhardt, J.) ). Interlocutory appeals are not warranted "simply to determine the correctness of a judgment." *Chauvin v. State Farm Mut. Auto. Ins. Co*., 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007) (Vance, J.) (quoting *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co*., 702 F.2d 67, 68 (5th Cir. 1983) ). Such appeals "represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals." *Coates v. Brazoria County Texas,* 919 F.Supp.2d 863, 866 (S.D. Tex. 2013). Additionally, the decision to permit such appeal is within the district court's sound discretion. *Id. at 867.*

While United Fire states that the Court's order involves a "controlling issue of law" and that appeal might "materially advance the termination of this case," it has not presented any arguments with respect to whether there are "substantial grounds for difference of opinion." Of the three criteria, this one "has caused [courts] the lease difficulty" and "judges have not been bashful about refusing to find substantial reason to question a ruling of law." *Id. at 868,* quoting 16 CHARLES ALAN WRIGHT ET AL.,FEDERAL PRACTICE AND PROCEDURE § 3930 (3d ed. 2012). The threshold for establishing a "substantial ground for difference of opinion" is higher than mere disagreement or even the existence of some contrary authority. *Ryan v. Flowserve Corp.,* 444 F.Supp.2d 718,724 (N.D. Tex. 2006)("[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement."(citation omitted)).

As conceded by United Fire and noted in the Court's rulings of which United Fire complains, the parties' as well as the Court found no jurisprudence which even addressed the issue United Fire moves to appeal, much less any "opinion" upon which there could be "grounds for difference of opinion." Consequently, United has not met his burden, and the Court declines to certify its prior judgments or orders for interlocutory appeal. Accordingly,

3

**IT IS ORDERED** that the Motion To Designate Order Appealable filed by United Fire and Casualty Company [Rec. Doc. 149] is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana this 15th day of August, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE